1808.JRS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CONNELL GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 657 |
| v. ) | |
| ) | Judge Gettleman |
| SUPERVALU HOLDINGS, INC., ) | Magistrate Judge Brown |
| d/b/a CUB FOOS, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT, SUPERVALU HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES, the Defendant, SUPERVALU HOLDINGS, INC., by and through its attorney, James R. Studnicka of HAYNES STUDNICKA KAHAN O'NEILL & MILLER, LLC, for its Answer to the Plaintiff's Complaint at Law, and hereby states as follows:

1. That the Plaintiff, CONNELL GRIFFIN, currently resides at 101 Princeton, Lockport, Will County, Illinois.

    **ANSWER:** The Defendant is without sufficient information as to which to form a belief as to the truth of the allegations contained in Paragraph #1, and therefore neither admits nor denies said allegations, but demands strict proof thereof.

2. That the Defendant, SUPERVALU HOLDINGS, INC., d/b/a CUB FOODS, INC., is an Ohio Corporation, with its principal place of business in Minnesota. At the time of the incident alleged herein, Defendant, CUB FOODS, maintained a grocery store at 1590 North Larkin Avenue, Joliet, Will County, Illinois.

    **ANSWER:** The Defendant denies it is an Ohio Corporation, but admits the remaining allegations in Paragraph #2.

1808.JRS

3. There is complete diversity of citizenship between the parties, the amount in dispute in this cause is in excess of Seventy-Five Thousand Dollars, exclusive of interest and costs and this Court has jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1).

   **ANSWER:** The Defendant admits that there is a complete diversity of citizenship between the parties and that this Court has jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds Seventy – Five Thousand Dollars.

4. That on January 18, 2005, the Plaintiff, CONNELL GRIFFIN, was lawfully on the premises at 1590 N. Larkin Ave., Joliet, Will County, Illinois.

   **ANSWER:** Defendant is without sufficient information as to which to form a belief as to the remaining allegations contained in Paragraph #4, and therefore neither admits nor denies said allegations but rather demands strict proof thereof.

5. That on January 18, 2005, while CONNELL GRIFFIN was proceeding through the produce department at the grocery store, at which time he slipped and fell on several grapes on the floor.

   **ANSWER:** Defendant admits plaintiff fell near the produce department at the grocery store but denies the remaining allegations of paragraph #5.

6. That it was the duty of the Defendant, SUPERVALU HOLDINGS, INC., d/b/a CUB FOODS, acting through its agents and employees to maintain their premises in a reasonably safe condition for people like CONNELL GRIFFIN, who were lawfully on the premises.

1808.JRS

> **ANSWER:** The Defendant admits only those duties imposed upon it by Illinois law and denies that the allegations in Paragraph #6 of the Plaintiff's Complaint at Law accurately allege any duty owed by the Defendant.

7. That in violation of the above mentioned duty, the Defendant, SUPERVALU HOLDINGS, INC., d/b/a CUB FOODS, INC., acting through its agents and employees, were negligent in the following ways:

   a. Failed to clean the premises in a way which would avoid causing harm to CONNELL GRIFFIN, while he was legally on the premises.

   **ANSWER:** Defendant denies each and every allegation contained in Paragraph #7, including subparagraph (a) contained therein.

8. That as a result of the above-mentioned negligence, the Plaintiff, CONNELL GRIFFIN, suffered permanent injury to his neck and back. He experienced and will continue to experience pain and suffering. He incurred and will continue to incur medical bills. He was also unable to attend to his usual duties and thereby lost wages and income.

   **ANSWER:** Defendant denies each and every allegation of Paragraph #8, and further denies that the Plaintiff was injured in the manner or the extent alleged.

WHEREFORE, the Defendant, SUPERVALU HOLDINGS, INC., denies that the Plaintiff, CONNELL GRIFFIN, is entitled to a judgment against it in any amount whatsoever, and prays that this Honorable Court dismiss Plaintiff's action and enter judgment in the Defendant's favor and against the Plaintiff on the remaining pleadings. Further the Defendant states that if it is found liable to the Plaintiff, its percentage of fault is less than 25% of the total fault attributable to the Plaintiff, any defendant sued by the Plaintiff, and any third-party

1808.JRS

defendant who could have been sued by the Plaintiff, and therefore, SUPERVALU HOLDINGS, INC., can only be severally liable for any non-medical damages pursuant to 735 ILCS 5/2-1117.

DEFENDANT DEMANDS TRIAL BY JURY.

### FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, SUPERVALU HOLDINGS, INC., by and through its attorneys, HAYNES STUDNICKA KAHAN O'NEILL & MILLER, LLC, for its First Affirmative Defense to Plaintiff's Complaint at Law and in the alternative, without prejudice to its previous denials, and hereby states as follows:

1. At the time and place alleged in the Plaintiff's Complaint at Law, the Plaintiff, CONNELL GRIFFIN, owed a duty to exercise ordinary for his own safety.

2. Notwithstanding the aforementioned duty owed by the Plaintiff, the Plaintiff was guilty of one or more of the following negligent acts and/or omissions:

   a. Negligently and carelessly failing to keep a proper lookout;

   b. Negligently and carelessly failing to avoid any alleged hazardous condition which existed on the premises;

   c. Negligently and carelessly failing to maintain proper control of himself; and

   d. Was otherwise careless and negligent.

3. One or more of the foregoing acts and/or omissions of the Plaintiff was a proximate cause of any injury sustained by the Plaintiff.

4. Any amount awarded to the Plaintiff should be reduced by the comparative fault attributable to the Plaintiff, up to an limit of 50% unless his fault is found to be greater than 50%, in which case, the Plaintiff's action should be barred and judgment entered in favor of this Defendant.

1808.JRS

WHEREFORE, the Defendant, SUPERVALU HOLDINGS, INC., prays that any amount awarded to the Plaintiff should be reduced by the Plaintiff's comparative fault up to a limit of 50% unless his fault is found to be greater than 50%, in which case, his action should be barred and judgment entered in favor of this Defendant.

DEFENDANT DEMANDS TRIAL BY JURY.

**SECOND AFFIRMATIVE DEFENSE**

NOW COMES the Defendant, SUPERVALU HOLDINGS, INC., by and through its attorneys, HAYNES STUDNICKA KAHAN O'NEILL & MILLER, LLC, for its Second Affirmative Defense to Plaintiff's Complaint at Law and in the alternative, without prejudice to its previous denials, and hereby states as follows:

1. At all times subsequent to the alleged January 18, 2005, accident, CONNELL GRIFFIN owed a duty to mitigate his damages in this action.

2. CONNELL GRIFFIN failed to mitigate his damages in one or more of the following ways:

    a. Seeking unnecessary medical care or failing to undergo necessary medical treatment;

    b. Failing to return to work when he was capable of doing so; and

    c. Otherwise failing to mitigate his damages as required by law.

3. One or more of the aforementioned acts and/or omissions on part of the Plaintiff, CONNELL GRIFFIN, caused him to sustain damages which should have been mitigated in this action.

WHEREFORE, the Defendant, SUPERVALU HOLDINGS, INC., prays that the Plaintiff's damages be reduced to the extent that the damages were caused by the Plaintiff, CONNELL GRIFFIN'S failure to mitigate his damages as required by law.

1808.JRS

DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

/s/ James R. Studnicka
JAMES R. STUDNICKA (#6198167)
jstudnicka@hskolaw.com

James R. Studnicka (6198167)
Dana M. Bowers (6289103)
**HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC**
200 West Adams St., Suite 500
Chicago, Illinois 60606
#(312) 332-6644

6