**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONNELL GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 657 |
| vs. | ) | |
| | ) | |
| | ) | JUDGE GETTLEMAN |
| | ) | |
| SUPERVALU HOLDINGS, INC., d/b/a | ) | MAGISTRATE JUDGE BROWN |
| CUB FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

NOW COMES the Plaintiff, CONNELL GRIFFIN, by and through his attorneys THEODORE G. BEDNAREK and WAYNE GIAMPIETRO and the Defendant, SUPERVALU HOLDINGS, Inc., by and through its attorneys, JAMES R. STUDNICKA and DANA M. BOWERS of HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, and for their Initial Joint Status Report to the Magistrate upon Referral from Judge Gettleman, state as follows:

**The attorneys of record for the parties are:**

- Theodore G. Bednarek, Wayne Giampietro, and Michael G. Aretos for the Plaintiff, Connell Griffin

- James R. Studnicka and Dana M. Bowers of Haynes, Studnicka, Kahan, O'Neill & Miller, LLC, for the Defendant, SUPERVALU HOLDINGS, Inc.

**1.   A brief summary of the claims asserted in the complaint and any counterclaim or third party complaint.**

1

Plaintiff has claimed that on January 18, 2005, he incurred injuries as a result of a slip and fall at the Cub Food Store located at 1590 N. Larkin Avenue, Joliet, Will County, Illinois, which was operated by the defendant SUPERVALU HOLDINGS, Inc.  The Plaintiff is claiming that the Defendant breached its duty of care to maintain its premises in a reasonably safe condition and that this breach of care resulted in the Plaintiff's injuries to his neck and back.

The Defendant has denied the above allegations of negligence directed against it and has asserted in its affirmative defense that the Plaintiff failed to look out for his own safety by failing to keep a proper look out, failing to avoid any alleged hazardous condition on the premises, failing to maintain proper control of himself, and/or was otherwise careless or negligent.  The Defendant claims that it is not liable to the Plaintiff for his damages.  The Defendant also claims that the Plaintiff was guilty of contributory negligence and such comparative fault should bar or reduce any damages which may be awarded to him.

**2.     A brief statement of the relief sought, including an itemization of damages.**

Plaintiff seeks compensatory damages resulting from the injuries he suffered as a result of the incident described above.  The Plaintiff's claimed medical specials to date total $84,038.77.  Plaintiff claims no loss of income.  He claims damages for pain and suffering experienced as a result of this incident.

**3.     A brief description of the matter referred to the magistrate judge**

The matter has been referred to the Magistrate Judge for the purpose of overseeing discovery and settlement discussions.

**4.     The status of any briefing on the matters referred**.

The parties do not have any pending motions at this time.

**5.     If the case has been referred for discovery matters, a description of the discovery that has been completed and the future discovery contemplated, including identifying: (a) the depositions that have been taken; (b) the depositions that have been scheduled and the dates set; and (c) any other discovery contemplated.**

**(a)**     To date, the following depositions have been completed:

- Connell Griffin, Plaintiff
- Diana Tamayo, store employee
- Vincent Hughes, store employee
- Cindee Parks, store employee
- Joan Nyrczyk, store employee
- Marcia Rickelman, store employee
- John Czajkowski, store employee
- Marianne Schubrych, store employee
- Loma France, witness
- Craig Sayles, paramedic
- Jeff Carey, paramedic
- Dr. Mark Lorenz, treating physician

**(b)** There are no depositions pending at this time.

**(c)** The following discovery is contemplated.

- The Defendant intends to supplement its 26(a)(1) disclosures with opinions disclosed by Dr. Mark Lorenz during his deposition.
- The Defendant may disclose a medical expert to respond to the testimony of Dr. Lorenz and if such expert is disclosed, plaintiff intends to depose such individual.

**6. Whether the parties will consent to trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge at this time.

**7. Any dates or deadlines established by the district judge for discovery cut-off, submission of pretrial order or trial.**

The District Judge has set this matter for a further status report on October 23, 2008, and has directed that discovery be completed by that Date. The District Judge has also indicated that dates for the submission of a pretrial order and trial will be established at that status report.

8. **The status of settlement negotiations, if any.**

The Plaintiff has previously submitted a settlement demand of $600,000.00. The Defendant has not responded to that demand. The parties remain open to attempting to resolve this matter through a settlement conference

_____  _____
WAYNE GIAMPIETRO             JAMES R. STUDNICKA
Attorney for Plaintiff        Attorney for Defendant

4